THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEWIS WOLFE, Respondent.— Order of the County Court, Kings County, granting motion to vacate judgment of conviction of the crime of murder in the first degree, reversed on the law and the facts and the motion denied. We will assume that the court had jurisdiction to make the order. The order sets aside a verdict six years after its rendition. Unless and until the reversal of the judgment, the finding of the jury, on a disputed issue of fact, is conclusive that he was

■

sane when he killed his wife on December 30, 1943. The court observed nothing in his demeanor throughout the trial during which he testified at length, to suggest that he was incapable of understanding the proceedings or making his defense. Nor was there any claim, prior to the trial, at the trial or even now, that the attorneys for defendant were unable to confer with him. A psychiatrist called as a witness of the court, who observed defendant throughout the trial, was of opinion that he was sane. A psychiatrist engaged by defendant and who testified on his behalf at the trial was of opinion that he was sane at or shortly prior to the time of trial. It was *subsequent* to the trial that the witnesses upon whom the court primarily relies saw the defendant for the first time. His mental condition at that time may be attributable, at least in part, to the impact of the adverse verdict. These witnesses did not attempt to testify as to the sanity of defendant *at the time of trial*. The proof fails to show that defendant was insane at the time of trial within the contemplation of section 1120 of the Penal Law and section 658 of the Code of Criminal Procedure. The basic error of the County Court, apart from its evaluation of the proffered evidentiary facts, is that it has allocated bodies of evidence to the time of the trial, although they were given in respect of later or subsequent dates after the adverse verdict. The Legislature has amply provided for exemption from punishment of a felon who has become insane after judgment of conviction. (Correction Law, art. 15; Code Crim. Pro. § 495-a.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur. [199 Misc. 413.]